ARTHUR STRYKER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 30204, 39931.    Promulgated October 22, 1929.

*Frederick Schwertner, Esq.,* for the petitioner.
*C. H. Curl, Esq.,* for the respondent.

1034

1036

## OPINION.

MORRIS: The question to be determined is whether certain income earned by the Stryker Transportation & Contracting Co. during the years in controversy was taxable to the petitioner or to his wife, who is alleged to have owned a one-third interest in the business. The respondent contends that the said Stryker Transportation & Contracting Co. was a sole proprietorship and that the petitioner was, therefore, taxable as an individual and he states as his reason therefor, that a partnership between husband and wife is invalid under the laws of the State of New Jersey. He further contends that, irrespective of the legal disability, the petitioner's wife owned no interest in that company. The petitioner claims that while under the law of New Jersey a wife might legally enter into a contract of copartnership with her husband, it is only necessary for us to determine whether she had a one-third interest in the Stryker Transportation & Contracting Co.; if so, the income derived from said interest would be income from her separate property and, therefore, taxable to her.

We are not called upon by the pleadings, nor do we deem it necessary under the circumstances, to determine whether a copartnership between husband and wife may exist under the laws of the State of New Jersey. If the petitioner's wife owned a one-third interest in the Stryker Transportation & Contracting Co., entitling her to a like interest in the profits of the business in her own right, she is taxable thereon in her individual capacity. Or, differently stated, if the petitioner owned only a two-thirds interest in said business and was entitled to only two-thirds of the profits therefrom he should not be taxed upon that which he is not legally entitled to.

The State of New Jersey has been referred to as among the most liberal of States modifying the rules of common law with respect to the property rights of married people. *Aldridge v. Muirhead*, 101 U. S. 397.

At page 3225, volume 3, Compiled Statutes of New Jersey, the "Act to amend the law relating to the property of married women" provides:

*Separate property of married woman: Property acquired during marriage.*— That the real and personal property, and the rents, issues, and profits thereof, which any married woman has received or obtained since the fourth day of July, in the year of our Lord one thousand eight hundred and fifty-two, or which she shall hereafter receive or obtain, by purchase, gift, grant, devise, descent, bequest, or in any manner whatever, shall be her sole and separate property as though she were a single woman.

The record shows that the interest which the petitioner's wife is alleged to have owned during the taxable years in controversy was formerly owned by his mother, who retired from the business and disposed of her interest to him on or about January 1, 1923; that during all of the years 1916 to 1922 his wife assisted in the clerical work of the business, for which she received no compensation; that she loaned money to the business in 1918 to the extent of about 50 per cent of the petitioner's interest therein which, in a great measure, was responsible for the rapid expansion of the business. When the petitioner acquired his mother's interest, mindful as he was of his wife's assistance in making the business a success, he informed her that his mother's interest was being transferred to her in recognition of the services she had performed in the past and, furthermore, because he wanted her to have an interest in the business in her own right. The interest formerly held by the petitioner's mother was transferred to his wife and a like percentage of the profits of the business was thereafter set aside for her account. She withdrew sums of money which she deposited in her separate bank account. The statements of assets and liabilities prepared by the company subsequent to January 1, 1923, the date of the mother's retirement from the business, show the capital accounts of the petitioner and his wife and the amounts set apart to their credit therein. Petitioner's wife, while not actively engaged in the detail clerical work subsequent to removal of the business to Trenton, was consulted with regard to all important matters pertaining to the business. Finally, the business of the Stryker Transportation & Contracting Co. was divided into two separate companies in the early part of 1926, which were incorporated under the laws of the State of New Jersey, and there were issued to the petitioner's wife 330 shares in one, and 60 shares in the other, for her interest in the Stryker Transportation & Contracting Co. The certificates of stock in those corporations were issued in her name and she thereafter received the dividends therefrom. In the liquidation of the Stryker Transportation & Contracting Co. she

also received a sum of money from the assets not turned over to the corporations which she deposited in her separate bank account.

While there was no formal writing setting forth the transfer of the alleged gift of a one-third interest in the business of the Stryker Transportation & Contracting Co., the circumstances before, during and after the making of the gift convince us that a gift was in fact made and that the petitioner's wife received a one-third interest in the business in her own right, which became at that time and was thereafter her separate property under the laws of the State of New Jersey.

Under the statutes of New Jersey, hereinabove referred to, a married woman is not only entitled to the real and personal property which she may " receive or obtain, by purchase, gift," etc., but to the " rents, issues, and profits thereof." Therefore, since the petitioner's wife owned as her separate property a one-third interest in the Stryker Transportation & Contracting Co., and since there were credited to and set aside for her, during each of the taxable years in controversy, profits of the business accruing to her because of her said interest, she became the owner thereof as they were earned and credited. The petitioner himself being the owner of only a two-thirds interest in the business and therefore legally entitled to only two-thirds of the profits, is not liable for income tax upon the profits accruing to his wife's one-third interest. *Alfred T. Wagner*, 17 B. T. A. 1030; *R. E. Wing*, 17 B. T. A. 1028. Cf. *Ralph L. Hinckley*, 6 B. T. A. 312.

*Judgment will be entered under Rule 50.*